City of New York v Travelers Prop. Cas. Co. of Am. (2021 NY Slip Op 04186)





City of New York v Travelers Prop. Cas. Co. of Am.


2021 NY Slip Op 04186


Decided on July 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 01, 2021

Before: Renwick, J.P., Gische, Oing, Mendez, JJ. 


Index No. 450228/19 Appeal No. 14146 Case No. 2020-03543 

[*1]The City of New York, Plaintiff-Respondent,
v
Travelers Property Casualty Company of America, Defendant-Appellant.


Keane & Associates, New York (Amy C. Gross of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Kate Fletcher of counsel), for respondent.



Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered on or about July 20, 2020, which, inter alia, denied defendant's motion for summary judgment dismissing the complaint and granted plaintiff's (the City) cross motion for summary judgment declaring that defendant is obligated to defend it in the underlying personal injury action and to reimburse it for defense costs incurred since December 11, 2017, unanimously affirmed, without costs.
The underlying personal injury complaint alleges that the plaintiff was injured by a branch falling from a tree in Central Park and that her injuries were proximately caused by the negligent acts and/or omissions on the part of the City, the NYC Department of Parks and Recreation, and the Central Park Conservancy, Inc. (CPC), and/or its contractors, subcontractors, and agents in the maintenance and inspection of the tree. CPC and the City entered into a written agreement which obligated CPC to maintain Central Park. Pursuant to that agreement, CPC entered into a tree-service subcontract with nonparty Bartlett Tree Expert Company (Bartlett). As required by this subcontract, Bartlett obtained a general commercial liability insurance policy from defendant insurer naming CPC and the City as additional insureds. The policy provided coverage to CPC and the City for any liability arising out of Bartlett's operations under its contract with CPC, except that a "person or organization does not qualify as an additional insured with respect to independent acts or omissions of such person or organization." The tree-service subcontract shows that Bartlett assumed full supervision and control over the maintenance of the trees, including the tree in question. The allegations in the underlying complaint, supported by the tree-service subcontract and business records memorializing Bartlett's work on the park's trees before the accident, demonstrate that there is a reasonable possibility that the City will recover under the policy's additional insured provision, which affords coverage premised on the City's vicarious liability for the acts or omissions of the named insured, Bartlett; therefore defendant is required to defend the City in the action (see Fitzpatrick v American Honda Motor Co., 78 NY2d 61, 65 [1991]; Sport Rock Intl., Inc. v America Cas. Co. of Reading, Pa., 65 AD3d 12, 17 [1st Dept 2009], appeal withdrawn 14 NY3d 796 [2010]). That the City might ultimately be found liable solely for its own independent negligent acts and/or omissions, which would not be covered under the additional insured provision, does not negate defendant's duty to defend it (see Fitzpatrick, 78 NY2d at 66; Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d 169, 175 [1997]).
We have considered defendant's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 1, 2021